UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Edward Bissau Mendy,<br><br>    Plaintiff,<br><br>v.<br><br>Luis A. Tapia and Layla McCarter,<br><br>    Defendants. | Case No. 2:22-cv-00937-GMN-DJA<br><br>**Order** |

      Plaintiff filed his complaint on June 12, 2022, without paying the filing fee or applying to proceed *in forma pauperis*. (ECF No. 1). Plaintiff later paid the filing fee on December 5, 2022. (ECF No. 5). However, because Plaintiff initially filed his complaint without paying the filing fee, the Court must screen it under 28 U.S.C. § 1915(e)(2)(B) for his case to move forward.

**II.    Screening the complaint.**

      Federal courts are given the authority under 28 U.S.C. § 1915 to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. Plaintiff's allegations.

Plaintiff—a boxing promoter—names two defendants: Luis A. Tapia and Layla McCarter. Plaintiff alleges that Tapia is a professional boxing coach and manager and that McCarter is a

professional boxer. Plaintiff asserts that Tapia coaches and manages McCarter. On April 19, 2022, Plaintiff placed a bid for hosting the fight between McCarter and another boxer, Ivana Habazin. Plaintiff won the right to stage the fight and then sent a contract to both fighters through their managers. Habazin returned her contract but McCarter did not. Instead, on June 10, 2022, Tapia wrote an email to the World Boxing Council, disparaging Plaintiff by claiming that Plaintiff failed to meet his deadline to secure a boxing venue and that Plaintiff's contract was faulty. Tapia allegedly sent another email on June 11, 2022 that also included disparaging remarks about Plaintiff.

Contrary to Tapia's emails, however, Plaintiff alleges that he was diligently promoting the fight, securing a venue, and organizing the fight as required. Plaintiff alleges that Tapia's statements were part of his and McCarter's scheme—beginning on April 12, 2022—to back out of the fight with Habazin while blaming Plaintiff. Plaintiff alleges that, as part of this scheme, McCarter and Tapia made false statements about Plaintiff including, amongst others, that Plaintiff was the sole reason McCarter chose not to fight Habazin, that Plaintiff could not be trusted, that Plaintiff's contract was invalid, that Plaintiff did not have a promoter's license, that Plaintiff was untruthful, and that Plaintiff failed to meet his obligations as a promoter. Plaintiff asserts that Tapia and McCarter made these statements via email, via social media, and "to anyone who had their audience."

Plaintiff alleges that Tapia and McCarter spread these lies to interfere with his contracts. Specifically, Plaintiff had a contract with Don King Productions to host a fight on June 11, 2022 and that he spoke with Tapia about hosting the McCarter/Habazin fight at the same event. After Plaintiff told Tapia his idea, Plaintiff alleges that Tapia contacted Don King Productions directly and told Don King Productions similar statements that Tapia made to the World Boxing Council. As a result, Don King Productions refused to work with Plaintiff on the June 11, 2022 event. Plaintiff asserts that he also had business relationships with Azeez Almoudi, Antonio Mesquita, Roy Englebrecht, and Thell Torrence with which Tapia interfered in a manner similar to how Tapia interfered with Plaintiff's relationship with Don King Productions. Plaintiff alleges that McCarter, Tapia, and other unnamed individuals conspired against Plaintiff by defaming him and

interfering with his business relationships.  Plaintiff asserts that Tapia also colluded with BoxRec—an entity against which Plaintiff has another pending lawsuit—to perpetuate Tapia's defamatory statements about Plaintiff.  Plaintiff asserts that "[t]he full extent of the conspiracy and its total members are unknown but will be proven at trial."

Plaintiff alleges five causes of action: (1) libel and slander; (2) inducing breach of contract; (3) interference with business relations; (4) intentional interference with contract; and (5) civil conspiracy.[1]  As outlined more fully below, the Court liberally construes Plaintiff's complaint as alleging the following causes of action: (1) libel; (2) slander; (3) interference with prospective business advantage; (4) interference with contractual relations; and (5) civil conspiracy.  Additionally, as a preliminary matter, the Court finds that Plaintiff has sufficiently alleged that the Court has diversity jurisdiction over his claims.  Plaintiff alleges that he is a citizen of New Jersey and that both Defendants are citizens of Nevada.  Plaintiff has also alleged that the amount in controversy exceeds $75,000.

        1.    <u>Libel.</u>

Libel and slander are both types of defamation and are governed by state law.  *See Wynn v. Smith*, 117 Nev. 6, 10-11, 16 P.3d 424, 427 (Nev. 2011).  Libel is defamation by printing or writing.  *See id.*  Libel is defined by Nevada statute as,

> a malicious defamation, expressed by printing, writing, signs, pictures or the like, tending to blacken the memory of the dead, or to impeach the honesty, integrity, virtue, or reputation, or to publish the natural defects of a living person or persons, or community of persons, or association of persons, and thereby to expose them to public hatred, contempt or ridicule.

Nev. Rev. State. 200.510(1).

Plaintiff has alleged a colorable claim of libel against Tapia.  Plaintiff alleges that Tapia emailed defamatory statements to the Word Boxing Council, its president, and its members on June 10th and 11th, 2022.  While Plaintiff also alleges that Tapia and McCarter made similar

---

[1] Plaintiff also brings claims for punitive damages and expenses of litigation.  However, those are categories of damages, rather than distinct causes of action.

defamatory statements on social media, Plaintiff has not describe the statements that McCarter made, only those that Tapia made. Plaintiff's allegations are thus sufficient for screening purposes to allege a claim for libel against Tapia, but not against McCarter.

### 2. Slander.

Slander is spoken defamation. *See Wynn*, 117 Nev. at 10-11. To establish a claim for slander, a plaintiff must prove: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Id.* Plaintiff has alleged a colorable claim of slander against Tapia, but not McCarter. Plaintiff alleges that both defendants made defamatory statements about Plaintiff to Don King, Roy Englebrecht, Thell Torrance, and to "anyone who had their audience." But again, Plaintiff only describes Tapia's statements and does not explain which are attributable to McCarter.

### 3. Interference with prospective business advantage.

To prevail on a claim for tortious interference with prospective business advantage, Plaintiff must prove the following elements: (1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct. *Treasury Solutions Holdings, Inc. v. Upromise, Inc.*, No. 3:10-cv-00031-ECR-RAM, 2010 WL 5390134, at *5 (D. Nev. Dec. 22, 2010) (citing *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1255 (Nev. 1998)). A party may not base its prospective business advantage claim on an existing contract. *See id.*

Plaintiff has not alleged a colorable claim for interference with prospective business advantage. Plaintiff asserts that he had "advantageous business relations [with] Azeez Almoudi, Antonio Mesquita, Roy Englebrecht, and Thell Torrence." It is unclear if Plaintiff had a contract with these individuals or a prospective contract. Moreover, Plaintiff has not alleged what conduct that Tapia or McCarter took to interfere with these relationships other than asserting that they

"engaged in the conduct alleged herein." Without more, this is insufficient to allege interference with prospective business advantage or intentional interference with contractual relations.

4. Interference with contractual relations.

"To state a valid claim for tortious interference with business relations, a plaintiff must show: (1) a valid contract existed between the plaintiff and a third party; (2) the defendant knew of the contract; (3) the defendant committed intentional acts intended or designed to disrupt the contractual relationship; (4) an actual disruption of the contract; and (5) the plaintiff sustained damages as a result." *Randazza v. Cox*, No. 2:12-cv-02040-JAD, 2014 WL 2123228, at *6 (D. Nev. May 21, 2014) (citing *J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (Nev. 2003); *Sutherland v. Gross*, 105 Nev. 192, 196, 772 P.2d 1287, 1290 (Nev. 1989); and *Hilton Hotels Corp., Butch Lewis Productions, Inc.*, 109 Nev. 1043, 1048, 862 P.2d 1207, 1210 (Nev. 1993)).

Plaintiff has alleged a colorable claim for interference with contractual relations against Tapia. Plaintiff has alleged that he had a contract with Don King Productions, that Tapia knew about the contract, that Tapia intentionally defamed Plaintiff to Don King Productions to disrupt the relationship, that Tapia's actions disrupted the relationship, and that Plaintiff sustained damages. This is sufficient to allege a claim for interference with contractual relations against Tapia.

5. Civil conspiracy.

Civil conspiracy occurs when two or more people act "to accomplish an unlawful objective for the purpose of harming another," with resulting damage. *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nv. 801, 813, 335 P.3d 190, 198 (Nev. 2014) (citing *Consol. Generator–Nevada, Inc.*, 114 Nev. at 1311, 971 P.2d at 1256). To establish a claim for civil conspiracy, a plaintiff must show: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *On Demand Direct Response, LLC v. McCart-Pollack*, No. 2:15-cv-01576-MMD-VCF, 2016 WL 5796858, at *3 (D. Nev. Sept. 20, 2016). "Further, the cause of action must be pled with particular specificity as to 'the manner in which a defendant joined in the conspiracy and how he participated in it.'" *Eastwood v. Lehman Bros.*

*Bank, FSB*, No. 3:09-cv-00656-LRH, 2010 WL 2696479, at *2 (D. Nev. July 2, 2010) (citing *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984)).

Plaintiff has not alleged a colorable claim for civil conspiracy against Tapia and McCarter. While Plaintiff alleges that the two committed the tort of libel and slander and that they agreed to defame Plaintiff to get out of the fight with Habazin, Plaintiff has not alleged what McCarter said with specificity. Plaintiff allegations only describe the statements that Tapia said. Because a conspiracy requires two or more people, Tapia's statements are insufficient to establish a claim for civil conspiracy.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint shall proceed on the following claims:

1. Libel as alleged against Luis Tapia.
2. Slander as alleged against Luis Tapia.
3. Interference with contractual relations as alleged against Luis Tapia.

**IT IS FURTHER ORDERED** that Plaintiff's following claims are dismissed without prejudice and with leave to amend:

1. Libel as alleged against Layla McCarter.
2. Slander as alleged against Layla McCarter.
3. Interference with contractual relations as alleged against Layla McCarter.
4. Interference with prospective business advantage as alleged against Luis Tapia and Layla McCarter.
5. Civil conspiracy as alleged against Luis Tapia and Layla McCarter.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket and issue summons to Defendant Luis A. Tapia.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 4, 2024** to complete service on Defendant under Federal Rule of Civil Procedure 4(m).[2]

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or counsel for Defendant.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 6, 2023** to file an amended complaint to the extent he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

DATED: October 10, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Federal Rule of Civil Procedure 4 governs service of summons.  Because Plaintiff has paid the filing fee, and is thus not authorized to proceed *in forma pauperis*, he is not entitled to rely on the U.S. Marshals for service under Federal Rule of Civil Procedure 4(c)(3).